UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

DONALD RICHARDSON,

        Plaintiff,

v.

FEDERATED NATIONAL INSURANCE COMPANY,

        Defendant.

CIVIL ACTION NO.:

## COMPLAINT

Plaintiff, DONALD RICHARDSON ("Plaintiff"), by and through his attorney, files this Complaint against Defendant, FEDERATED NATIONAL INSURANCE COMPANY ("Defendant"), as follows:

### INTRODUCTION

1. This is an action by the Plaintiff, DONALD RICHARDSON, against his insurance carrier, FEDERATED NATIONAL INSURANCE COMPANY, for benefits owed under the flood insurance policy, which have not been fully paid, as a result of a flooding event that occurred on or about January 6, 2014.

2. Plaintiff purchased a flood insurance policy from Defendant, which participated with FEMA, and consequently issued the federal Standard Flood Insurance Policy ("SFIP) to the Plaintiff.

3. Defendant failed to fully pay the damages due and owing under the insurance policy.

### PARTIES

4. Plaintiff is an individual, who owns the subject property located at 2066 Cezanne Road, West Palm Beach, FL 33409.

5. At all times material hereto, Defendant is a foreign corporation and insurance company authorized to do business in the State of Florida, including issuing flood insurance coverage in exchange for a premium.

## JURISDICTION

6. This Court has jurisdiction of this action pursuant to the National Flood Insurance Act, specifically 42 U.S.C. § 4072 and 28 U.S.C. § 1331.

7. Plaintiff's claim against Defendant is a substantial federal claim under the National Flood Insurance Act of 1968, 42 U.S.C. §§ 4001-4129.

8. Venue is proper in the Southern District of Florida, as the contract of insurance at issue in this matter was entered into and delivered in West Palm Beach, Palm Beach County, Florida, insuring premises located in West Palm Beach, Palm Beach County, Florida.

## COMMON ALLEGATIONS

9. Defendant issued to Plaintiff a flood insurance policy pursuant to the National Flood Insurance Program, with the following policy number: FE-0000482867-00 (the "Policy"). This policy insured the property owned by Plaintiff and located at 2066 Cezanne Road, West Palm Beach, FL 33409 (the "Property"). Despite requests for a true and correct copy of the Policy, Defendant has failed to provide Plaintiff with a copy of same; Plaintiff will file a copy with the Court upon receipt.

10. The Policy was delivered to Plaintiff in Florida.

11. Plaintiff paid in full all premiums and has complied with all conditions precedent to coverage under the Policy, or conditions were waived or excused.

12. On or about January 6, 2014, an intense rainfall event occurred causing flooding to Plaintiff's property.

13. The Policy was in full force and effect on or about January 6, 2014, when the flooding occurred and caused damage to the Property (the "Loss").

14. Plaintiff timely notified Defendant of the loss to Defendant in accordance with the requirements of the Policy and in response, Defendant issued claim number HO0514149639 and assigned an adjuster to the claim (hereinafter, the "Claim").

15. Defendant and its expert inspected the loss and on or about February 5, 2014.

16. Defendant has been afforded the opportunity to fully inspect the Loss, investigate the cause of the Loss, and quantify the amount of the Loss.

17. Defendant has refused and/or failed to pay the Plaintiff for its covered damages the proper amount of insurance Policy benefits for the Claim.

18.     Plaintiff has complied with all prerequisites, whether denominated conditions precedent, duties after loss, or otherwise, to receive benefits or proceeds under the above Policy, or maintain the instant suit for the breach or declaration of said Policy. Alternatively, Defendant has waived or never had standing to assert any prerequisites, whether denominated as conditions precedent, duties after loss, or otherwise.

## COUNT I- BREACH OF CONTRACT

19.     Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 18 as if fully set forth herein and further states:

20.     This is a cause of action for breach of contract arising out of an insurance Policy that was in effect at the time of the Loss to the insured Property.

21.     On or about January 6, 2014, an intense rainfall event occurred causing flooding to Plaintiff's property.

22.     The Plaintiff has complied with all conditions precedent to bringing all causes of action alleged in this complaint or the Defendant, Defendant, has waived or is estopped from asserting same.

23.     Defendant breached the policy for the loss by failing to pay the full amount caused by the subject plumbing break.

24.     Defendant has breached its insurance contract by failing to adequately investigate, failing to properly adjust, and failing to pay all of the aforementioned benefits due and owing under the policy.

25.     Plaintiff has repeatedly requested that Defendant pay its damage(s). However, Defendant has failed and/or refused to do so based on an improper, inadequate, and biased investigation as well as the palpably incorrect and biased recommendations and opinions of its adjusters and representatives.

26.     Notwithstanding the foregoing, Defendant has failed to timely and promptly pay the full amount due and owing under the Policy for the covered loss(es) sustained.  Defendant's failure to timely and promptly pay all amounts due and owing under the Policy is a breach of the insurance contract.

27.     Defendant has refused to pay the full amount of the loss to indemnify its policyholder.

28. Defendant's refusal to pay the full amount due and owing under the Policy is a breach of the insurance contract.

29. The Plaintiff has suffered damages as a result of not having benefits paid pursuant to the insurance policy.

30. As a result of this dispute, it has become necessary that Plaintiff retain the services of the undersigned attorney. Plaintiff is obligated to pay a reasonable fee for the undersigned attorney's services in bringing this action, plus necessary costs. Plaintiff is entitled to recover attorney's fees and costs from the Defendant. Should Plaintiff prevail, he shall be entitled to interest from the date of the breach.

31. WHEREFORE, Plaintiff respectfully requests this Court enter an Award of all:

A. General compensatory damages; and

B. Any such other and further relief as this Court deems just and appropriate.

Dated: September 9, 2015.

MERLIN LAW GROUP

By: /s/Javier Delgado
Javier Delgado, Esquire
Florida Bar No.: 560146
jdelgado@merlinlawgroup.com
2332 Galiano Street, 2nd Floor
Coral Gables, FL 33134
Ph: (305) 448-4800
Fax: (305) 728-7001